**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 22-3291-JFW(MAAx)** | Date:  August 26, 2022 |
| Title: | Cyber Defense Group, LLC -v- Conor D. Sherman | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**  ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

On December 11, 2020, Plaintiff Cyber Defense Group, LLC ("Cyber Defense") filed a Complaint against Defendant Conor D. Sherman ("Sherman").  On February 3, 2021, Sherman filed a Cross-Complaint against Cyber Defense and Lou Rabon ("Rabon").[1]  On March 24, 2022, Cyber Defense filed a First Amended Complaint ("FAC") that added ezCater, Inc. ("ezCater") as a Defendant.  On May 14, 2022, ezCater filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, ezCater bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different

---

[1] The First Amended Cross-Complaint was filed on March 19, 2021, and the Second Amended Cross-Complaint was filed on May 17, 2022.

citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  A limited liability company is a citizen of every state of which its members are citizens. *See*, *e.g.*, *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  In the Notice of Removal, ezCater  alleges that Cyber Defense is a limited liability company, but fails to allege the citizenship of any of Cyber Defense's members.  Instead, ezCater merely alleges that Cyber Defense "is a limited liability company duly organized and existing under and by virtue of the laws of the State of California with its principal place of business in the County of Los Angeles, CA." Notice of Removal, ¶ 41.  In addition, Plaintiff has failed to allege the citizenship of Sherman or Rabon.  Instead, ezCater alleges only that Sherman is a resident of North Carolina and that Rabon is a resident of California.  With respect to a natural person, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state.  *Id.*  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Id*.  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Therefore, ezCater has failed to establish that complete diversity exists.  Accordingly, ezCater has failed to establish that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

      Accordingly, ezCater is hereby ordered to show cause, in writing, no later than August 31, 2022, why this Court should not remand this action for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  If the parties file a stipulation and proposed order remanding this action to state court, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the remand of this action.

      IT IS SO ORDERED.